**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MOSI JONES,**

      **Plaintiff,**

**v.**                                **Case No.  8:11-cv-333-T-30TBM**

**BOSE,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the *pro se* Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915.  While his affidavit reveals Plaintiff likely lacks the resources necessary to pay the filing fee for this action, I find that the complaint fails to state a claim and therefore I recommend that the court dismiss this action.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This provision tracks the language of Federal Rule of Civil Procedure 12(b)(6) and this circuit applies Rule 12(b)(6) standards reviewing dismissals under § 1915(a). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 35 (11th Cir. 2003). While the complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief about the speculative level. *Twombly,* 550 U.S. at 555-56.

Additionally, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Here, Plaintiff files an "Employment Discrimination Complaint Form" from the United States District Court for the Northern District of Florida. (Doc. 1). Therein, he alleges claims of harassment, retaliation, and/or discrimination on the basis of his gender and race, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as against the

manager and assistant manager of the Bose store at which he works. (Doc. 1). In support thereof, Plaintiff states that he is the only African-American male employee at the store. He alleges that he was [sexually] harassed by assistant manager, Dan Debee, on two occasions: (1) In July 2010, Mr. Debee grabbed his shoulder; and (2) in October 2010, Dr. Debee grabbed him by the wrist and the back of his shirt. *Id.* at 5-6. Plaintiff also states that he was sexually harassed in 2008 when two other supervisors allegedly slapped him on the behind and massaged his shoulders. *Id.* Plaintiff claims there were "dozens of other incidents" of "inappropriate behavior [by] coworkers," but the EEOC dismissed his charge in November 2009.[1] *Id.* As for the claims of discrimination and/or retaliation, the exact confines of claims are unclear. Plaintiff alleges that he was hired by Bose as a full-time employee in May 2007, but was later "demoted" to a part-time position in September 2008 due to a decline in business.[2] *Id.* at 4-5, 9. That, however, is not the basis of Plaintiff's instant complaint. Rather, Plaintiff complains that he was subjected to "adverse terms and conditions of employment" when he was not told about the availability of, or offered to interview for, a full-time position that became available in January 2010. *Id.* at 5. Thus, it appears that Plaintiff alleges either a claim of discrimination based on failure to promote/hire or a claim of

---

[1] Plaintiff attaches to his complaint the EEOC's Dismissal and Notice of Rights form dated November 22, 2010; a charge of discrimination dated November 1, 2010; the EEOC's Dismissal and Notice of Rights form dated November 3, 2009; and a charge of discrimination dated October 7, 2008. (Doc. 1 at 8-11).

[2] On a charge of discrimination dated October 7, 2008, Plaintiff alleged that Bose retaliated against him by reducing his hours. (Doc. 1 at 11). Yet, in his most recent charge of discrimination dated November 1, 2010, Plaintiff alleged that he was "demoted to part-time based on a down turn of business." *Id.* at 9.

3

retaliation in that he was not informed of the full-time position because he had complained of discrimination.

Even though the complaint is construed liberally in Plaintiff's favor, I find that the action fails to state a cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Here, Plaintiff fails to state a claim for harassment because he does not allege that the harassment in 2010 was based on his sex or race and the two incidents alleged are not objectively severe or pervasive so as to alter the terms and conditions of his employment.[3] To the extent Plaintiff attempts to include in his instant harassment claim the incidents that allegedly occurred in 2008, the incidents are stale and do not suggest ongoing, continuing harassment. Further, to the extent Plaintiff intends to raise a separate and distinct claim of harassment based on the 2008 allegations, he fails to do so because the claim is untimely.[4] *See Crawford v. W. Elec. Co.*, 614 F.2d 1300, 1307 (5th Cir. 1980) (providing that

---

[3]To state a hostile work environment claim, a plaintiff must allege: (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic, such as race; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or of direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Harassment is severe or pervasive for Title VII purposes only if it is both subjectively and objectively severe and pervasive. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999).

[4]I recognize that "[a] statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" *La Grasta v. First Union Secs., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (quoting *Tregenza v. Great Am. Commc'ns Co.,* 12 F.3d 717, 718 (7th Cir. 1993)). However, a court may grant a Rule 12(b)(6) dismissal on statute of limitations grounds if it is "apparent from the face of the complaint" that the claim is time-barred. *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1251 (11th Cir. 2003). Here, Plaintiff would have had to file suit within 90 days of receiving the EEOC's Notice of Suit Rights dated November 3, 2009. He did not. It also appears

a Title VII suit is barred in federal court if not brought within 90 days of receipt of the EEOC notice). Plaintiff also fails to state a discrimination claim for failure to promote/hire.[5] While Plaintiff belongs to a protected class, Plaintiff does not allege the nature of the full-time position that became available or facts demonstrating he was qualified for the position. Nor does Plaintiff allege that the individual who got the full-time position was equally or less qualified than himself. Likewise, Plaintiff fails to state a claim for retaliation because he fails to demonstrate a causal connection between filing his charges of discrimination and not being informed of a full-time position in January 2010.[6] Although Plaintiff filed two charges of discrimination, only the charge filed in October 2008 predates the alleged failure to promote/hire of January 2010. The actions of Bose more than a year after Plaintiff's first charge of discrimination were too remote to establish causation based on close temporal proximity. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). No other facts are proffered to demonstrate causation.

---

beyond doubt from the complaint itself that Plaintiff cannot prove any set of facts that would avoid a statute of limitations bar. Thus, dismissal is appropriate. *See Hughes,* 350 F.3d at 1163 (quoting *Leal v. Ga. Dep't of Corr.,* 254 F.3d 1276, 1280 (11th Cir. 2001)).

[5]To state a discrimination claim in the failure-to-promote context, a plaintiff must allege: (1) he belongs to a protected class; (2) he applied for and was qualified for a promotion; (3) he was rejected despite his qualifications; and (4) other equally or less qualified employees outside his class were promoted. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010).

[6]To state a retaliation claim under Title VII, a plaintiff must allege: (1) he engaged in a protected activity; (2) he suffered adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

For these reasons, I recommend that the court **DISMISS** the complaint (Doc. 1) and **DENY** without prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an amended complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.

        Respectfully submitted on this
        29th day of March 2011.

        THOMAS B. McCOUN III
        UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, United States District Judge
Pro se Plaintiff