UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOSI JONES,

       **Plaintiff,**

v.                                     Case No.  8:11-cv-333-T-30TBM

BOSE,

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is again before the court on the *in forma pauperis* status of Plaintiff, Mosi Jones, by virtue of his filing an Amended Complaint. (Doc. 6). While Plaintiff's Affidavit of Indigency (Doc. 2) reveals that he likely lacks the resources necessary to pay the filing fee for this action, I find that the Amended Complaint fails to state a claim and therefore I recommend that the court dismiss this action.

By way of background, Plaintiff initiated this action by filing a Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which was construed as a motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. After recommendation by the undersigned, the court entered an Order denying without prejudice the construed motion to proceed *in forma pauperis*, dismissing the Complaint, and directing Plaintiff to file an Amended Complaint. (Docs. 4, 5). The Amended Complaint (Doc. 6) and an attachment thereto (Doc. 7) are now before the court. As noted previously, the court must determine as a threshold matter whether

Plaintiff's Amended Complaint (Doc. 6) fails to state a cause of action or is frivolous and therefore subject to dismissal.  *See* Fed. R. Civ. P. 8; 28 U.S.C. § 1915.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The factual allegations set forth in the complaint must be sufficient to raise a right to relief above the speculative level on the assumption that all the allegations are true.  *Id.*

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i),(ii).  This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)), or the "plaintiff's realistic chances of ultimate success are slight."

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Here, Plaintiff again files an [Amended] "Employment Discrimination Complaint Form" from the United States District Court for the Northern District of Florida. (Doc. 6). The allegations therein are nearly identical to the those in the Complaint. *Compare* (Doc. 1) *with* (Doc. 6). For ease of reference, the allegations are again set forth. Thus, Plaintiff alleges claims of harassment, retaliation, and/or discrimination on the basis of his gender and race, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as against the manager and assistant managers of the Bose store at which he works.[1] (Doc. 6). In support

---

[1] In his original Complaint, Plaintiff identified his race as African-American and indicated he was the only minority male working at Defendant's Ellenton store. (Doc. 1).

3

thereof, Plaintiff alleges that he was [sexually] harassed by manager Luis Szuch on August 29, 2008, when Szuch "slapped me on my ass." *Id.* at 4.  Plaintiff also alleges that he was harassed by assistant managers, Peter Fowler and Dan Debee, on three occasions: (1) on an unidentified date in 2008, Fowler touched Plaintiff's shoulders in a "massaging type manner;" (2) in July 2010, Debee grabbed Plaintiff by the shoulder; and (3) in October 2010, Debee grabbed Plaintiff's "arm and shirt to demonstrate how a shirt was tapered." *Id.* at 5-6.  As for the claims of discrimination and/or retaliation, the exact confines of claims are unclear.  Plaintiff alleges that he was hired by Bose as a full-time employee in May 2007, but was offered only part-time hours as of September 2008 due to a "company decision" that was "based on a ranking system on the time employees were hired" and not due to qualifications.[2] *Id.* at 5.  That, however, is not the basis of Plaintiff's instant complaint.  Rather, Plaintiff complains that he was "subjected to adverse terms and conditions of employment" when he was not told about the availability of a full-time position that became available in January 2010. *Id.* at 6.  Thus, it appears that Plaintiff alleges either a claim of discrimination based on failure to promote/hire or a claim of retaliation in that he was not informed of the full-time position because he had complained of discrimination.

Even though the Amended Complaint is construed liberally in Plaintiff's favor, I find that the action fails to state a cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff again fails to state a claim for harassment because he does not

---

[2]According to the allegations in Plaintiff's charge of discrimination in 2010, he was "demoted to part-time based on a down turn of business." (Doc. 7 at 2).

allege that the harassment in 2010 was based on his sex or race and the two incidents alleged are not objectively severe or pervasive so as to alter the terms and conditions of his employment.³  To the extent Plaintiff attempts to include in his instant harassment claim the incidents that allegedly occurred in 2008, the incidents are stale and do not suggest ongoing, continuing harassment.  Further, to the extent Plaintiff intends to raise a separate and distinct claim of harassment based on the 2008 allegations, he fails to do so because the claim is untimely.⁴  *See Crawford v. W. Elec. Co.*, 614 F.2d 1300, 1307 (5th Cir. 1980) (providing that a Title VII suit is barred in federal court if not brought within 90 days of receipt of the EEOC notice).  Plaintiff also fails to state a discrimination claim for failure to promote/hire.⁵  While

---

³To state a hostile work environment claim, a plaintiff must allege: (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic, such as race; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or of direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).  Harassment is severe or pervasive for Title VII purposes only if it is both subjectively and objectively severe and pervasive. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999).

⁴I recognize that "[a] statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" *La Grasta v. First Union Secs., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (quoting *Tregenza v. Great Am. Commc'ns Co.,* 12 F.3d 717, 718 (7th Cir. 1993)).  However, a court may grant a Rule 12(b)(6) dismissal on statute of limitations grounds if it is "apparent from the face of the complaint" that the claim is time-barred. *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1251 (11th Cir. 2003).  Here, Plaintiff would have had to file suit within 90 days of receiving the EEOC's Notice of Suit Rights dated November 3, 2009.  He did not.  It also appears beyond doubt from the Amended Complaint itself that Plaintiff cannot prove any set of facts that would avoid a statute of limitations bar.  Thus, dismissal is appropriate. *See Hughes,* 350 F.3d at 1163 (quoting *Leal v. Ga. Dep't of Corr.,* 254 F.3d 1276, 1280 (11th Cir. 2001)).

⁵To state a discrimination claim in the failure-to promote context, a plaintiff must allege: (1) he belongs to a protected class; (2) he applied for and was qualified for a

5

Plaintiff belongs to a protected class, Plaintiff does not allege the nature of the full-time position that became available or facts demonstrating he was qualified for the position. Nor does Plaintiff allege that the individual who got the full-time position was equally or less qualified than himself.[6] Likewise, Plaintiff fails to state a claim for retaliation because he fails to demonstrate a causal connection between filing his charges of discrimination and not being informed of a full-time position in January 2010.[7] Although Plaintiff filed two charges of discrimination, only the charge filed in October 2008 predates the alleged failure to promote/hire of January 2010. The actions of Bose more than a year after Plaintiff's first charge of discrimination were too remote to establish causation based on close temporal proximity. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). No other facts are proffered to demonstrate causation.

For the reasons set forth above, I recommend that the court **DISMISS** the Amended Complaint (Doc. 6), **DENY** with prejudice Plaintiff's second construed motion to proceed *in*

---

promotion; (3) he was rejected despite his qualifications; and (4) other equally or less qualified employees outside his class were promoted. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010).

[6]Plaintiff alleges that employee who got the full-time position was an individual who, unlike Plaintiff, was hired as a part-time employee. However, Plaintiff also alleges that the individual had worked for Bose longer than he had. (Doc. 6 at 6).

[7]To state a retaliation claim under Title VII, a plaintiff must allege: (1) he engaged in a protected activity; (2) he suffered adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

*forma pauperis* (Doc. 2), and direct the Clerk to close this case.[8] Given the nucleus of facts defining Plaintiff's allegations, I am unable to conclude that Plaintiff can state a cognizable federal claim dependent on the same.

Respectfully submitted on this
27th day of May 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
*Pro se* Plaintiff

[8]While repackaged, these claims essentially are identical to those attempted in the initial Complaint. There is no reason to believe that given the opportunity to amend yet again, Plaintiff will come any closer to stating an actionable claim on these facts.